IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARCHIE HOLLAND-EL, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. WDQ-12-2336 |
| GARY D. MAYNARD, *et al*. | ,* | |
| Defendants. | * | |
| | *** | |

MEMORANDUM OPINION

Archie Holland-El sued Gary Maynard, Ron Davis, and J. Philip Morgan (collectively,

the "Correctional Defendants")[1] and Assistant Director of Nurses Janice Gilmore for violations

of the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and the Rehabilitation

Act. Pending are the Correctional Defendants' and Gilmore's motions to dismiss or, in the

alternative, for summary judgment. No hearing is necessary. *See* Local Rule 105.6 (D. Md.

2011). For the following reasons, the motions, construed as motions for summary judgment,

will be granted.

I.     Background[2]

Holland-El is an inmate at Western Correctional Institution and is confined to a

wheelchair. ECF No. 1 at 1. He alleges that on January 11, 2011, while at the medical unit to

receive an evening dose of insulin, Davis directed Gilmore to rescind a medical order permitting

Holland-El to wear a blanket across his lap during cold weather. *Id.* at 4. The order was

originally issued to address pain Holland-El was experiencing in both legs from neuropathy

---

[1] Maynard is the Maryland Secretary of Public Safety and Correctional Services, Davis is a correctional officer, and Morgan is the warden of the Western Correctional Institution. ECF No. 1.

[2] In reviewing the motion for summary judgment, Holland-El's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

developed after "removal of [his] seventh, eighth, and ninth vertebras" from his thoracic spine on March 9, 2007. *Id.* at 4-5.

Holland-El claims that rescission of the blanket order caused him to suffer extreme pain during cold weather. *Id.* at 5. He alleges that Morgan allowed Davis and Gilmore to deny him "the means to protect [his] lower extremities from neuropathy during extremely cold weather," and Morgan violated the ADA by affirming the rescission of the order. *Id.* at 7. Holland-El alleges that Maynard violated the ADA when he took no measures to correct the conduct of the employees who rescinded the order. *Id.*

Holland-El's medical records show that he has received medical care for diabetes, Hepatitis C, asthma, hypertension and acid reflux disease. *See* ECF No. 25-2 at 6. In 2007, he had a mass removed from his spine and underwent a thoracic fusion procedure. It is not clear if the procedure left Holland-El with neuropathy or nerve damage. A medical order was issued allowing Holland-El "to cover his legs while out of his cell because of medical conditions." ECF No. 23-4 at 7. On January 11, 2011, an order was issued by Dr. Colin Ottey discontinuing "use of blanket outside of cell." *Id.* at p. 9.

Davis declares that he did not instruct medical staff to rescind the order permitting Holland-El's use of a blanket; instead, he informed medical staff that allowing Holland-El to conceal his lower body presented a possible security threat. ECF No. 23-3 ¶ 4. Davis felt that use of the blanket could enable Holland-El to conceal contraband for himself or others. *Id.* Holland-El filed a request for administrative remedy procedure ("ARP"), and Delores Adams, R.N., began an investigation. ECF No. 23-4. Adams spoke with Dr. Joubert about Holland-El's need to have his legs covered in cold weather; Joubert confirmed Holland-El has neuropathy, but he would be fine without the blanket so long as he was wearing pants. *Id.* at. 3. Joubert further

advised Holland-El that if he is cold, he should wear more clothing. *Id.* It was further found that the use of the blanket was a security risk and not medically necessary. *Id.* at 4. After being denied relief through his ARP, Holland-El refused treatment for his diabetes and hypertension. *Id.* at p. 12.

On August 7, 2012, Holland-El filed suit alleging violations of the Eighth Amendment, the ADA, and the Rehabilitation Act. ECF No. 1. On December 19, 2012, the Correctional Defendants moved to dismiss or, in the alternative, for summary judgment. ECF No. 23. On December 21, 2012, Gilmore moved to dismiss or, in the alternative, for summary judgment. ECF No. 25. On January 7, 2013, Holland-El opposed the Defendants' motions. ECF No. 28.

II.     Analysis

A.     Standard of Review

1.     Motion to Dismiss

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pleaded allegations of the Complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to Holland-El. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (alteration omitted).   Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 1964.   Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969.   Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 197.

        2.      Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a), which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"[The] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (*quoting* Fed. R. Civ. P. 56(e).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witness' credibility."

*Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The Court

must also, however, abide by the "affirmative obligation of the trial judge to prevent factually

unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (*quoting*

*Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993); *citing Celotex Corp. v. Catrett*, 477 U.S.

317, 323-24 (1986)).

3.   Rule 12(d) Conversion

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual

disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir.

2007).  However, under Rule 12(d), the Court, in its discretion, may consider matters outside of the

pleadings; if the court does so, "the motion must be treated as one for summary judgment under Rule

56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is

pertinent to the motion." Fed. R. Civ. P. 12(d).  When the movant expressly captions its motion "in

the alternative" as one for summary judgment, and submits matters outside the pleadings for the

court's consideration, the parties are deemed to be on notice that  conversion under Rule 12(d) may

occur; the Court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro.*

*Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

B.   Gilmore's Motion

Gilmore seeks dismissal or summary judgment.  The only claim raised against her is that

she rescinded the order permitting Holland-El to have a blanket. ECF No. 1.

The medical records establish that the order was rescinded by Ottey--the doctor who

approved the order originally--not Gilmore. ECF No. 25-2 at 3.  There is no evidence supporting

a claim against Gilmore.  Accordingly, the motion, construed as one for summary judgment, will

be granted.

C.    The Correctional Defendants' Motion

1.    Eighth Amendment

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue

of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173

(1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized

by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th

Cir. 2003) (*citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).   To state an Eighth Amendment

claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants

or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle

v. Gamble*, 429 U.S. 97, 106 (1976).   Deliberate indifference to a serious medical need requires

proof that, objectively, the prisoner plaintiff was suffering from a serious medical need, and,

subjectively, the prison staff were aware of the need for medical attention but failed to either

provide it or ensure the needed care was available. *Farmer v. Brennan*, 511 U.S. 825, 837

(1994).

Objectively, the medical condition at issue must be serious.  *See Hudson v. McMillian,*

503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified

access to health care).   Proof of an objectively serious medical condition, however, does not end

the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious

medical condition. *Farmer*, 511 U.S. at 839-40.  "True subjective recklessness requires

knowledge both of the general risk, and also that the conduct is inappropriate in light of that

risk." *Rich v. Bruce*, 129 F.3d 336, 340 n. 2 (4th Cir. 1997).  "Actual knowledge or awareness

on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference

'because prison officials who lacked knowledge of a risk cannot be said to have inflicted

punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (*quoting Farmer*,

511 U.S. at 844). If the requisite subjective knowledge is established, an official may avoid

liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted."

*Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk

the defendant actually knew at the time. *Brown v. Harris*, 240 F.3d 383, 390 (4th Cir. 2011);

(*citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions

actually taken in light of suicide risk, not those that could have been taken)).

   Assuming Holland-El's neuropathy is a serious medical condition, it does not appear that

the Correctional Defendants were subjectively reckless with regard to that condition. The

Correctional Defendants relied upon the medical assessment that the use of a blanket was not

medically necessary; they did not make that determination on their own. ECF No. 23-4 at 3.

Holland-El's practice of placing a blanket over his lap when he goes outside during cold weather

was determined to be a security risk. *See* ECF No. 23-3 at ¶ 4. The Correctional Defendants

note, there is an alternative available to Holland-El that would address both the security concern

and his need for added warmth in his legs: he could wear additional clothing to keep his legs

warm in cold weather. *See* ECF No. 23-5 at 9.

   In his opposition, Holland-El asserts that the WCI Inmate Handbook rules prohibit him

from wearing more clothing. *See* ECF Nos. 28, 29 at 4. The rule noted by Holland-El reads:

"[n]o extra items of clothing with the exception of a towel will be allowed in the recreation

yard." ECF No. 29 at 4. The Correctional Defendants maintain that this rule means Holland-El

is not permitted to have the blanket, but could *wear* additional clothing. ECF No. 23. To the

extent the Correctional Defendants are responsible for writing and enforcing the rules set forth in

7

the Inmate Handbook, the Court defers to their interpretation. *See Preast v. Cox*, 628 F.2d 292, 294 (4th Cir. 1980). Although Holland-El was not able to use the blanket, he was able to wear additional, warmer clothing. *See* ECF No. 23-5 at 9. Accordingly, the Correctional Defendants were not subjectively reckless.

        2.    ADA and Rehabilitation Act

To state a claim under the ADA and Rehabilitation Act, a plaintiff must show that he (1) is a person with a disability as defined by the statute, (2) is otherwise qualified for the benefit he claims to have been denied, and (3) was excluded from the benefit because of discrimination based on disability. *See Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264-5 (4th Cir. 1995); *see also* 42 U.S.C. §§ 12131 *et seq.* Holland-El has not shown that he qualified for the benefit denied or that the benefit was deprived based on discriminatory motives. The blanket was denied due to security reasons unrelated to Holland-El's disability. *See* ECF No. 23-3 ¶ 4. The Correctional Defendants are entitled to summary judgment.

III.    Conclusion

For the reasons stated above, the motions to dismiss or, in the alternative, for summary judgment will be construed as motions for summary judgment, and will be granted.

_2/4/13_
Date

_____
William D. Quarles, Jr.
United States District Judge

8